UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES NORBERT NAPIER, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:96-CR-53

HON. ROBERT HOLMES BELL

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant's pro se motion for leave to file a prosecution in the nature of a common writ of error. (Dkt. No. 261.) Also before the Court is Movant's pro se motion for a hearing. (Dkt. No. 274.) For the reasons that follow Movant's motions will be denied.

On March 27, 1996, Movant was indicted on four counts of fraud. (Dkt. No. 1.) After a trial, Movant was found guilty of one count and sentenced on May 16, 1997, to 42 months imprisonment and three years of supervised release. (Dkt. No. 153.) This Court also imposed a $7,500 fine and a $100 special assessment. (*Id.*)

On November 6, 2009, Movant moved for leave to file a prosecution in the nature of a common writ of error. (Dkt. No. 261.) On July 23, 2012, the government applied for a writ of continuing garnishment, which this court granted. (Dkt. Nos. 268, 269.) Movant filed his pro se motion for a hearing on August 15, 2012. (Dkt. No. 274.)

Federal Rule of Criminal Procedure 60(b) abolishes the common law writ of coram nobis. However, these common law writs are preserved by the All Writs Act, 28 U.S.C. § 1651. *Morgan v. United States*, 346 U.S. 502, 506-510 (1954). Under this act, all federal courts may issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." § 1651(a).

In his proposed writ of coram nobis, Movant seeks relief for his allegedly unlawful imprisonment and for the fine issued against him. (Dkt. No. 261, Attach. 1, at 8-9.) He raises three claims: (1) the fraudulent extension of authority; (2) the denial of substantive and fundamental due process; and (3) the denial of competent and effective legal counsel.

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511. All of Movant's claims were available to him during his confinement, and there was no bar to him raising them in a § 2255 motion. Movant has not provided any reason justifying his delay in bringing these claims. Thus, because Movant fails to demonstrate compelling circumstances for the Court to grant him this extraordinary remedy, his motion for leave to file a prosecution in the nature of a common writ of error will be denied.

Movant has also moved for a hearing to determine the validity of his underlying judgment. (Dkt. No. 274.) In this motion, Movant refers to a document he filed objecting to the government's application for a writ of continuing garnishment on the grounds that his

underlying conviction was void. (Dkt. No. 273.) Pursuant to 28 U.S.C. § 3202(d), a debtor may request a court hearing to quash any court order granting an enforcement. However, issues at such a hearing are limited to the following:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the post judgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the constitution or another law of the United States provides a right to a hearing on the issue, to -
>
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>>
>> (B) the existence of good cause for setting aside such judgment.
>
> This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

28 U.S.C. § 3202(d). Movant has not asserted any facts that implicate any of these issues. Instead, his sole contention is that his trial and conviction were wrongful. Movant had an adequate opportunity to contest the underlying judgment against him through the appeal and collateral attack processes. Thus, his motion for a hearing will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for leave to file a prosecution in the nature of a common writ of error (Dkt. No. 261) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion for a hearing (Dkt. No. 274) is **DENIED**.

Dated: October 4, 2012 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE